Dear Representative Hadley:
This opinion is in response to your questions asking:
 "1) Does either a local school district or the State Department of Education have statutory authority to preclude a representative of the parent from examining the record on the basis that district policy allowing only a parent to examine the records establishes full compliance with the above-mentioned statutes?
 "2) Does representation of a parent by someone other than an attorney constitute practicing law without a license?"
The context in which your questions are asked involves the provision of special educational services to handicapped and severely handicapped children in Missouri. The laws governing this subject emanated first from state statutes (§§ 162.960-162.995, RSMo Supp. 1975, as amended) and later from federal statutes (20 U.S.C. § 1401, et seq.) and regulations promulgated thereunder by the Department of Health, Education, and Welfare (45 C.F.R. Part 121a). The federal statutes and regulations are applicable in Missouri by virtue of federal special education funds received by the state and its school districts.
Section 162.963 (1), RSMo Supp. 1977, provides:
 "1. At any hearing held pursuant to the provisions of this act the parent or guardian or his representative shall be entitled to examine and cross-examine witnesses, to introduce evidence, to appear in person, and to be represented by counsel. Prior to the hearings, the parent or guardian or his representative shall have access to any reports, records, clinical evaluations or other materials upon which the action to be reviewed was wholly or partially based which could reasonably have a bearing on the correctness of the determination."
The hearings referred to in the above-quoted sections are those provided for in Sections 162.950, RSMo Supp. 1975, and 162.961, RSMo Supp. 1977, which allow the parent a right to contest the diagnosis, evaluation, or assignment of a child requiring or thought to require special educational services.
It is therefore clear under the terms of Section 162.963
that school officials must permit a representative of the parent to inspect and review the educational records of a handicapped child in connection with the parent's exercise of the right to a hearing.
A question remains, however, as to the right of a representative of the parent to inspect a handicapped child's educational records in a situation where no hearing has been requested, or perhaps where review of the records is sought in order to decide whether or not to request a hearing. Section 162.945, RSMo Supp. 1977, provides that the parent shall be notified of the results of any diagnosis, evaluation, assignment, or denial of assignment involving children who are handicapped or severely handicapped, and that the notice shall:
 ". . . advise the parent or guardian that, upon request, the parent or guardian shall be permitted to inspect, at the school attended by the child or at another convenient place at any time during regular school hours, all records pertaining to said child . . ."
While this section is silent as to the rights of a representative of the parent to review the child's records, the provisions of 45 C.F.R. § 121a.562 (b) (3) expressly state:
 "(a) Each participating agency shall permit parents to inspect and review any education records relating to their children which are collected, maintained, or used by the agency under this part. . . .
 "(b) The right to inspect and review education records under this section includes:
. . .
 (3) The right to have a representative of the parent inspect and review the records."
By virtue of their receipt of federal funds under 20 U.S.C. § 1401,et seq., school districts and the State Department of Elementary and Secondary Education would be bound thereby. Of course, proper authorization from the parent should be provided before school authorities make a child's records available to a representative.
Your second question asks whether representation of a parent by someone other than an attorney constitutes the practice of law without a license.
The policy of this office is to refrain from answering questions related to the unauthorized practice of law. Missouri Supreme Court Rules 5.05 and 5.06 provide that the Missouri Bar Advisory Committee shall have the power and is charged with the duty on behalf of the Bar to investigate the unauthorized practice of law and to give opinions as to the interpretation of rules involving unauthorized practice. For this reason, we respectfully refer you to that body for guidance.
CONCLUSION
Based on the foregoing, it is the opinion of this office that:
(1) Neither a school district nor the State Department of Elementary and Secondary Education may deny access to the educational records of a handicapped or severely handicapped child by a validly authorized representative of the child's parent or guardian.
(2) This office will not render an opinion on the question of unauthorized practice of law, deferring to the Missouri Bar Advisory Committee.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila K. Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General